# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Wendy Thornton McNeil and
Charles Bruce Wichmann

**vs** **Case No.** 5:26-cv-1319 (AJB/CBF)

The Hanover Insurance Group and
Massachusetts Bay Insurance Company

---

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable CARLA B. FREEDMAN, United States Magistrate Judge, on August 4, 2026, at 10:15 am. The Courtroom Deputy for Judge Freedman will provide counsel for the parties, and any unrepresented parties, with instructions and a link to connect via Teams video conference for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before 11/1/2026.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before 11/1/2026.

3. **DISCOVERY**: All discovery in this action shall be completed on or before 5/1/2027. **(Discovery timetable is to be based on the complexity of the action)**

4. **NON-DISPOSITIVE MOTIONS:** All non-dispositive motions, including discovery motions, may only be brought after the parties have complied with Section VIII of General Order #25. All non-dispositive motions shall be filed on or before 5/15/2027, no later than fourteen (14) days after the discovery deadline expires pursuant to Local Rules 16.2 and 37.1(h).

5. **DISPOSITIVE MOTIONS:** All dispositive motions shall be made on or before 8/1/2027.

6. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before 2/1/2027 (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before 3/15/2027 (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before 4/1/2027 (at least 30 days before the close of discovery).

7. **MANDATORY MEDIATION**: Pursuant to General Order #47, paragraph 3.2(C)(1), the parties shall electronically file a stipulation selecting a mediator no later than twenty-eight (28) days from the date of the Order referring case to the Mandatory Mediation Program. Mediation must be completed on or before 10/1/2026 .

8. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before 10/1/2027 . It is anticipated that the trial will take approximately 7 days to complete. The parties request that the trial be held in ______________, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

9. **Have the parties filed a Jury Demand?** _____(YES) X (NO).

10. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 28 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
Diversity jurisdiction.

11. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**
Yes to both questions.

12. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**
Plaintiffs claim that defendants breached a policy of insurance issued to them in connection with a water loss by having "failed to properly adjust and/or settle the claim in accordance with the terms of the Policy" and in having :failed and/or refused to pay the full benefits due under the Policy." Defendants have generally denied that there was any breach.

13. **What factual and legal issues are genuinely in dispute?**

Defendants are uncertain what factual and legal issues are in dispute because up until the day this action was removed from New York state court to this Court on 7/1/2026 plaintiffs were pro se and had not set forth the specifics of their claim in their complaint or in any discovery responses to defendants' served discovery demands. Plaintiffs believe there are no coverage issues, merely issues of the amount and extent of the loss, and consequential damages.

14. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

Possibly but unknown until plaintiffs specify what damages they are claiming. And defendants their defenses.

15. **What specific relief do the parties seek? What are the damages sought?**

Plaintiffs' complaint seeks:
A. compensatory damages in an amount to be determined at trial;
B. pre-judgment interest pursuant to CPLR §§ 5001and 5004; and
C. costs and disbursements of this action.

16. **DISCOVERY PLAN**

A. **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

B. **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:
(1) whether the defendants breached the Policy; and
(2) if so, the amount of plaintiffs' compensatory damages.and consequential damages.

C. **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

Normal discovery timing and no phasing of discovery is anticipated, subject to a stay of discovery that plaintiffs intend to request with their motion to remand.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Prior to removal, the defendants served plaintiffs with a deposition notice, a first set of interrogatories and an omnibus discovery demand. Plaintiffs contemplate serving discovery demands seeking Defendants' claims file, underwriting files, and expert reports and in taking depositions of relevant claims personnel: field inspectors and adjusters to decision-makers.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Three party depositions and 3-5 non-party fact depositions of plaintiffs' and defendants' public or independent adjusters and mitigation providers are anticipated. Depositions will be taken in Syracuse, NY area or remotely.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Plaintiffs will rely on expert testimony regarding damages and unfair claims practices. Defendants are uncertain of what experts they may need to retain until they know more about what Plaintiffs are claiming.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties have not yet reached any understanding, expectations or agreements about electronic discovery since the specifics of what the previously pro se plaintiffs are claiming are not yet known. Same goes for the defendants.

H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

None anticipated at this time.

I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

None anticipated at this time.

17. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

Possibly yes on reducing the length of trial, but probaly no on bifurcating issues for trial.

18. **Are there any related cases pending before the Judges of this Court?**

No.

19. **In Class Actions, when and how will the class be certified?**

Not applicable.

20. **What are the prospects for settlement? Please check below the prospect for settlement:**

1 ____ 2 ____ 3 ____ 4 ____ 5 _X_ 6 ____ 7 ____ 8 ____ 9 ____ 10 ____

(Very unlikely → → → → → → Likely)

A. Settlement cannot be evaluated prior to Unknown (Date).

B. How can settlement efforts be assisted?
Defendants wish to proceed with mediation aided by only limited discovery.
Plaintiffs wish to proceed with private mediation if the dispute cannot be resolved via appraisal under NY Insurance Law § 3408.
***(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)***

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

21. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

A. Reviewed General Order #47 — Yes X No ___

B. Reviewed the List of Court Approved Mediators available on the NDNY website? — Yes X No ___

C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program? — Yes X No ___

D. Discussed the time frame needed to complete Mandatory Mediation? — Yes X No ___

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on 7/27/2026 (Date) and was attended by:

Jonathan Wilkofsky, Esq. for plaintiff(s)
Roy A. Mura, Esq.
James H. Cosgriff, III, Esq. for defendant(s) The Hanover Insurance Group Massachusetts Bay Insurance Company

________ for defendant(s) ________

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***